## CITY OF STOCKTON v. DAHL and Others.*

### No. 8506; July 18, 1884.

4 Pac. 369.

**Street Assessments—Assessment Lists—Evidence—Pleading.—**
Under the provisions of the statutes, as applied to actions to enforce
street assessments, the assessment lists do not prove even prima facie
that the city council "has caused a survey and estimate to be pre-
pared of proposed work, to be filed with the city clerk," or "fixed a
time for the hearing upon such proposition," or ordered work or im-
provements to be done; nor are the lists evidence of a publication of
notice soliciting bids, or of the awarding of a contract, or of any of
the acts of officers of the municipality which precede, at least, the
doing of the work. None of these acts separately, or all of them
together, constitute the levy of an assessment, yet all of them must
be averred, and, if they are denied, must be proved by competent evi-
dence.

APPEAL from the Superior Court of San Joaquin County.

S. L. Carter and J. A. Louttit for appellant; Byers & Elliot
for respondent.

By the COURT.—1. A general demurrer that the com-
plaint, as amended, does not state facts to constitute a cause
of action was overruled by the court below, and, after trial,
judgment was ordered and entered for defendant. Respond-
ent now contends that the judgment should be affirmed, be-
cause the demurrer ought to have been sustained, for certain
reasons:

First. As against a general demurrer, at least, the aver-
ment in the complaint, "Market street, in said city, . . . .
was, on or about the first day of January, 1879, and ever since
has been an open public street used as such, and dedicated to
the public use in said city of Stockton, in the county of San
Joaquin, state of California," is a sufficient averment that the
street named is in the city of Stockton.

Second. The complaint alleges that the resolution of in-
tention was published as required by the city council.

*Reversed in bank. See 66 Cal. 377, 5 Pac. 682.

Third. If the notice soliciting bids was actually published, it is unimportant that a portion of a resolution of the council directed the street committee to solicit bids.

The charter does not require, when an order is made that work be done, the council shall in terms direct the clerk to advertise for bids, or that the contents of the notice to be published by the clerk shall be set forth in the resolution ordering work, unless, perhaps, when the work is the building, etc., of sidewalks, or the estimated cost does not exceed $100: Stats. 1871–72, p. 606, sec. 26. Section 27 of the charter provides that "a notice signed by the clerk" shall be published. The complaint avers that a notice, signed by the clerk, containing the requirements of the statute, was published for a time stated, being the time required by the law.

Fourth. A resolution of the council appointed the street committee to award the contract, etc. The statute (page 606, sec. 27) empowers the council, "or its committee therefor appointed, . . . . to open and declare said bids and award the contract." It requires this to be done "in open meeting" of the council or committee, as the case may be. The complaint alleges it was so done.

Fifth. The statute (page 608, sec. 29) gives an appeal to the council by any person claiming to be aggrieved by the assessment, and authorizes the council to "correct, alter, or modify" an assessment. We know of no constitutional inhibition upon such legislation.

Sixth. The complaint does allege proper publication of notice that the council would sit at a certain time to hear appeals.

2. At the trial in the court below the plaintiff gave in evidence the assessment lists, showing list of delinquents, of whom defendant appeared as one, and rested. The defendant offered no evidence. Section 29 of the charter provides: "Such lists may be used as evidence in any suit, in the same manner and with like effect as is provided for city delinquent tax lists by this act." The provision with reference to city delinquent tax lists is that they "shall be evidence in any court to prove the delinquency, property assessed, the amount of taxes due and unpaid, and that all forms of law in relation to the levy and assessment of said taxes have been complied with": Stats. 1871–72, p. 604, sec. 21. It is quite evident

that under these provisions of the statute, as applied to actions to enforce street assessments, the assessment lists do not prove, even prima facie, that the city council "has caused a survey and estimates to be prepared of proposed work, to be filed with the city clerk," or "fixed a time for the hearing upon such proposition," or ordered work or improvements to be done. Nor are the lists evidence of a publication of notice soliciting bids, or of the awarding of a contract, or of any of the acts of officers of the municipality which precede, at least, the doing of the work. None of these acts separately, nor all of them together, can be said to constitute the "levy" of an assessment. Yet all of them must be averred, and if, as in the case before us, they are denied, they must be proved by competent evidence.

Judgment and order affirmed.